SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ
RESIDENT JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

April 1, 2024

Douglas E. Hall
SBI #00204986
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Re: *State of Delaware v. Douglas E. Hall*
*Def. ID# 2302005470*
*Motion for Postconviction Relief (R-1)*

Dear Mr. Hall:

You pled guilty to a fifth DUI offense before me on July 19, 2023. That same day I sentenced you to two years at Level V followed by 18 months at Level III. There was no direct appeal to the Delaware Supreme Court.

On November 15, 2023, you timely filed your first Rule 61 Petition. You state three (3) grounds for relief: (1) your trial counsel ("Trial Counsel") was ineffective in failing to investigate and review police reports which tended to substantiate your actual innocence; (2) you are actually innocent in fact; and (3) there is insufficient evidence of the element of "control" under the DUI statute.

Before addressing the merits of your Rule 61 Motion, I must first address the four procedural bars of Superior Court Criminal Rule 61(i).[1]  If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[2] Under the Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[3]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[4]  In this case, your conviction became final for purposes of Rule 61 on August 19, 2023, 30 days after I imposed the sentence.[5] Thus, you filed your Petition well within the one-year period. Therefore, consideration of the Rule 61 Motion is not procedurally barred by the one-year limitation.

---

[1]  *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[2]  *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[3] Super. Ct. Crim. R. 61(i).

[4] Super. Ct. Crim. R. 61(i)(1).

[5] Super. Ct. Crim. R. 61(m)(1).

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[6] Since this is your first Rule 61 Motion, this bar does not apply.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief from the procedural default" and "prejudice from a violation of [movant's] rights."[7] Your first ground for relief is based on a claim of ineffective assistance of counsel. It is well settled under Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction proceedings.[8] Thus, this bar does not apply in this case, and I will consider Ground 1 on the merits, below.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[9] Your third ground for relief asserts insufficient evidence of guilt on the "control" element under the DUI statute. However, you chose not to raise this in your case. Indeed, you pled guilty to

---

[6] Super. Ct. Crim. R. 61(i)(2).
[7] Super. Ct. Crim. R. 61(i)(3).
[8] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[9] Super. Ct. Crim. R. 61(i)(4).

all elements of the charge. You cannot use Rule 61 as a vehicle to relitigate your case or to withdraw your guilty plea. Ground 3 is barred by this provision.[10]

Finally, the four procedural bars do not apply to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence.[11] Your second ground asserts that you are actually innocent in fact. However, not only did you plead guilty, but in your Rule 61 Petition you have not pled with particularity any new evidence that exists that creates a strong inference of actual innocence. Thus, the basis for Ground 2 is not satisfied.

This leaves only your Ground 1, the ineffective assistance of counsel claim. You assert that Trial Counsel conducted no investigation and did not review the police reports which tended to substantiate your actual innocence. However, other than this conclusory statement, you give no supporting evidence or persuasive arguments whatsoever on this ground one. Self-serving assertions are no substitute for facts and evidence. I find that, based on your Petition and my thorough review of the record of the prior proceedings in this case, that you are not entitled to relief. I am therefore entering an order for summary dismissal under Rule 61.[12]

---

[10] It is also barred by Super. Ct. Crim. R. 61(i)(3), grounds not asserted below.
[11] Super. Ct. Crim. R. 61(i)(5); Super. Ct. Crim. R. 61(d)(2)(i).
[12] Super. Ct. Crim. R. 61(d)(5).

Your Rule 61 Petition is **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

/s/Craig A. Karsnitz
Craig A. Karsnitz, Resident Judge

cc:    Prothonotary

5